IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
            v.                  :
                                :
ALLEN W. STEWART                :        NO. 96-583

MEMORANDUM

Bartle, C.J.                                      July 12, 2007

        Allen W. Stewart brings this belated motion for relief
pursuant to Rule 36 of the Federal Rules of Criminal Procedure.
He seeks eight modifications to the Judgment entered on
August 13, 1998.  He also requests changes to footnote 6 of our
Memorandum of June 7, 2001 and to one sentence from our
Memorandum of September 13, 2005.  See United States v. Stewart,
151 F. Supp. 2d 572, 578 n.6 (E.D. Pa. 2001); United States v.
Stewart, Crim. A. No. 96-583 (E.D. Pa. Sept. 13, 2005) (Doc.
# 601).

I.

        The underlying facts and complex procedural history of
this case have been set forth in detail in several judicial
opinions, and we will not repeat them.  See, e.g., Stewart, 151
F. Supp. 2d at 574; United States v. Stewart, 185 F.3d 112, 116-
119 (3d Cir. 1999).  Suffice it to say that Stewart was convicted
of 135 felony counts violating the RICO, mail fraud, wire fraud,
and money laundering statutes.  He was sentenced to 180 months in

prison.  Our Court of Appeals affirmed his conviction and sentence.  <u>Stewart</u>, 185 F.3d 112.

Rule 36 provides that after "giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Our Court of Appeals has emphasized that Rule 36 gives a court very narrow authority.  <u>See United States v. Bennett</u>, 423 F.3d 271, 277-82 (3d Cir. 2005).  A court may correct only clerical errors in the judgment, although it enjoys a slightly wider latitude to correct "errors of admission or oversight" as well as clerical errors in the record.  <u>Id.</u> at 277 n.4;  Fed. R. Crim. P. 36.  A clerical error "involves a failure to accurately record a statement or action by the court or one of the parties" but "provides no basis to correct substantive errors in the sentence."  <u>Bennett</u>, 423 F.3d at 277-78 (citation omitted).  It "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."  <u>Id.</u> at 278 (citation omitted).  Rule 36 does not "authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or to otherwise substantively modify sentences."  <u>Id.</u> at 278 (citation omitted).

II.

Of the plethora of modifications sought by Stewart, we will grant only one. The Judgment included a special assessment of $6,850. Stewart was convicted by a jury of 135 felony counts. In 1996, the special assessment rate was $50 for each felony. Therefore, the special assessment should have been $6,750 (135 x $50), that is, $100 less than stated on the Judgment. This is precisely the sort of mechanical, arithmetic error that Rule 36 permits us to correct. We will therefore enter an Amended Judgment that sets forth the corrected special assessment of $6,750. We will also correct the minor misstatement on the first page of the Judgment that it consisted of eight rather than seven pages.

In our Memorandum dated September 13, 2005 in which we denied Stewart's motion under Rule 60(b) of the Federal Rules of Civil Procedure, we stated that Stewart was found guilty of 135 counts of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") when, in fact, he was convicted of a total of 135 felony counts. One of the counts was a violation of RICO, 18 U.S.C. § 1962, and the remaining 134 were for violations of the mail fraud, 18 U.S.C. § 1341, wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957, statutes. As this statement was immaterial to our decision denying Stewart's motion under Rule 60(b) and is unlikely to cause confusion, we will let this Memorandum act as the necessary correction.

-3-

We have carefully reviewed the other revisions that Stewart urges upon us.  In our view, several of the proffered changes are substantive and therefore beyond our power to correct under Rule 36.  The remaining proposed alterations are petty, inconsequential, and unnecessary.  Outside those mentioned above, none of Stewart's proposed modifications merits any relief.

Accordingly, we will grant Stewart's motion in part and deny it in part.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
UNITED STATES OF AMERICA      :        CRIMINAL ACTION
                              :
            v.                :
                              :
ALLEN W. STEWART              :        NO. 96-583
```

<u>ORDER</u>

AND NOW, this 12th day of July, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of petitioner Allen W. Stewart to correct record errors pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Doc. #613) is GRANTED in part and DENIED in part:

(1)  the motion is GRANTED with respect to the incorrect special assessment of $6,850.  An Amended Judgment shall be filed reflecting a corrected special assessment of $6,750 and a notation that the Amended Judgment consists of seven pages; and

(2)  the motion is otherwise DENIED.

BY THE COURT:


/s/ Harvey Bartle III
                                        C.J.